IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

TAMEA STEWART,

      Plaintiff,

vs.             Case No.

JOHNS HOPKINS ALL CHILDRENS
HOSPITAL, INC., a Florida corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAMEA STEWART, sues Defendant JOHNS HOPKINS ALL CHILDRENS HOSPITAL, INC., a Florida corporation, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed $15,000.00, exclusive of costs and interest.

2. At all times material to this Complaint, Plaintiff was a resident and citizen of Pinellas County, Florida.

3. At all times material to this Complaint, Defendant operated a hospital in Pinellas County, Florida.

4. Plaintiff has performed all conditions precedent before filing this action, including the timely filing of a Charge of Discrimination with the EEOC and Florida Commission on Human Relations to exhaust administrative remedies under the Florida Civil

***ELECTRONICALLY FILED 03/18/2019 04:31:27 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

Rights Act of 1992, as amended, § 760.01, Florida Statutes.

## FACTUAL ALLEGATIONS

6. Plaintiff commenced employment with Defendant as a Health Information ("Coding") Manager on May 15, 2017.

7. Plaintiff is a 63-year old African-American female with a disability, i.e., an auto-immune disorder.

8. Plaintiff reported to Amy Phillips, Director of the Health Information Department.

9. Phillips did not hire Plaintiff of her own volition.

10. Plaintiff's qualifications for the position were evaluated by Christine Orlander, Phillips' supervisor.

11. Phillips did not provide Plaintiff with essential pediatric coding training. Every other coding employee had receiving such training.

12. Phillips knew Plaintiff performed her duties in a competent manner but grew increasingly hostile once Christine Orlander was unable to control Phillips' opportunities to discriminate against Plaintiff.

13. In May 2018, Phillips informed Plaintiff she never wanted to hire her for the Coding Manager position.

14. Phillips treated Plaintiff with hostility beginning in 2017 but she treated similarly situated white employees with decency.

15. Plaintiff reported Phillips' conduct to Orlander and Phillips' behavior was slightly less hostile.

16. Once Orlander was no longer Phillips' supervisor, the hostile conduct resumed and was joined by Orlander's replacement, Christine Hancock.

17. The harassment and hostility was pervasive.

18. The harassment impacted Plaintiff's health and impacted her disability.

19. Under constant stress and pressure from Phillips, Plaintiff worked 60 hour weeks in the months prior to November 2018.

20. Plaintiff needed time off from work for mental distress and her disability in and before November 2018.

21. Plaintiff was told she needed to meet with human resources to receive accommodation for her health condition.

22. Plaintiff was informed that she was being put on a 60-day performance improvement plan.

23. Plaintiff inquired how taking time off would factor in the plan and she was informed that taking time off would not be permitted if she was on a plan and that she would fail the plan if she took time off for a serious health condition.

24. Plaintiff was informed she could resign or sign the PIP by Joe Conrod.

25. Plaintiff resigned because she was informed that taking FMLA leave would result in discharge from employment.

## COUNT I - FAMILY AND MEDICAL LEAVE ACT
### (Interference)

26. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff requested FMLA leave for a serious health condition.

28. Defendant interfered with Plaintiff's FMLA rights by denying her leave and informing her that taking FMLA would cause her to fail the PIP.

29. Defendant coerced Plaintiff to resign by denying her job-protected leave.

30. As a result of Defendant's conduct, Plaintiff has incurred financial injury.

31. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A. Enjoin Defendant from engaging in any employment practice violative of the FMLA;

    B. Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing at the time of trial, and liquidated damages;

    C. Grant Plaintiff costs and an award of reasonable attorney's fees pursuant to the FMLA; and

    D. Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT II - FAMILY AND MEDICAL LEAVE ACT
### (Retaliation)

32. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

33. Defendant retaliated against Plaintiff because of her exercise of rights covered by the FMLA by denying her job-protected leave and informing her that taking leave would make her fail the PIP.

34. As a result of Defendant's conduct, Plaintiff has incurred financial injury.

35. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Enjoin Defendant from engaging in any employment practice violative of the FMLA;

    B.    Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing at the time of trial, and liquidated damages;

    C.    Grant Plaintiff costs and an award of reasonable attorney's fees pursuant to the FMLA; and

    D.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

### COUNT III - DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

36. Plaintiff realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

37. Plaintiff was a qualified person with a disability at all times material to this action.

38. Plaintiff was discriminated against because of her disability and denied reasonable accommodation.

39. Defendant failed to accommodate Plaintiff by granting her time off for her disability.

40. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Grant a judgment requiring Defendant to pay to Plaintiff back-pay found to be due and owing at the time of trial, compensatory damages proven at trial; punitive damages; and prejudgment interest thereon;

  B. Award Plaintiff front-pay; and

  C. Grant Plaintiff costs and an award of reasonable attorney's fees under the ADA.

### COUNT IV - RETALIATION
### (ADA)

41. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

42. Plaintiff engaged in protected activity by requesting a reasonable accommodation for her disability.

43. Defendant retaliated against Plaintiff by refusing to postpone commencement of the 60-day period until after Plaintiff returned to work from disability leave.

44. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

  A. Grant a judgment requiring Defendant to pay to Plaintiff back-pay found to be due and owing at the time of trial, compensatory damages proven at trial; punitive damages; and prejudgment interest thereon;

  B. Award Plaintiff front-pay; and

  C. Grant Plaintiff costs and an award of reasonable attorney's fees under the ADA.

### COUNT V - RACE DISCRIMINATION
### (Title VII and 42 U.S.C. § 1981)

45. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

46. Plaintiff was subjected to racial discrimination by being (1) denied training; (2) constantly berated; (3) treated with hostility; (4) given unreasonable deadlines; (5)

forced to work 60-hours per week; (6) treated differently from similarly situated white employees; and denied the privilege of taking medical leave without threat of discharge.

47. Plaintiff was forced to resign once she was told that taking medical leave would cause her to fail the PIP.

48. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Grant a judgment requiring Defendant to pay to Plaintiff back-pay found to be due and owing at the time of trial, compensatory damages proven at trial; punitive damages; and prejudgment interest thereon;

    B.    Award Plaintiff front-pay; and

    C.    Grant Plaintiff costs and an award of reasonable attorney's fees under Title VII and section 1981.

### COUNT VI - AGE DISCRIMINATION
### (ADEA)

49. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

50. Plaintiff was subjected to age discrimination by being (1) denied training; (2) constantly berated; (3) treated with hostility; (4) given unreasonable deadlines; (5) forced to work 60-hours per week; (6) treated differently from similarly situated younger employees; and denied the privilege of taking medical leave without threat of discharge.

51. Plaintiff was forced to resign once she was told that taking medical leave would cause her to fail the PIP.

52. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A. Grant a judgment requiring Defendant to pay to Plaintiff back-pay found to be due and owing at the time of trial, actual and liquidated damages proven at trial; and prejudgment interest thereon;

    B. Award Plaintiff front-pay; and

    C. Grant Plaintiff costs and an award of reasonable attorney's fees under ADEA.

/s/ Craig L. Berman

Craig L. Berman
Fla. Bar No. 068977
BERMAN LAW FIRM, P.A.
111 2nd Ave. NE, Suite 706
St. Petersburg, FL 33701
727-550-898
727-894-6251 fax
craig@bermanlawpa.com

**ATTORNEY FOR PLAINTIFF**